# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JPMORGAN CHASE BANK AND EQUIFAX INFORMATION SERVICES LLC,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANIEL UKROPINA

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
2017 JUL 31 PM 1: 13
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA
(7)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: North County Regional Center
*(El nombre y dirección de la corte es):*
325 South Melrose Dr.
Vista, CA 92081

**CASE NUMBER:** *(Número del Caso):*
**37-2017-00027889-CL-MC-NC**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
McCarthy Law PLC, 4250 N. Drinkwater Blvd, Ste 320, Scottsdale, AZ 85251, 602-456-8900

DATE: JUL 3 1 2017
*(Fecha)*

Clerk, by T. Porotesano , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Equifax Information Services LLC

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* LLC
4. ☑ by personal delivery on *(date):* 8/3/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**McCARTHY LAW PLC**

Ashley Tuchman, 258719
Garrett Charity, 285447
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
602-456-8900
ashley.tuchman@mccarthylawyer.com
garrett.charity@mccarthylawyer.com
Attorneys for Plaintiff

IN THE SUPERIOR COURT OF CALIFORNIA
SAN DIEGO COUNTY, NORTH COUNTY REGIONAL CENTER

| | |
|---|---|
| DANIEL UKROPINA,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK AND EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendants. | Case No. 37-2017-00027889-CL-MC-NC<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq.* and CA Civ § 1785 *et seq.*)**<br><br>Demand: Not to exceed $25,000<br><br>Limited Case |

TO JPMORGAN CHASE BANK AND EQUIFAX INFORMATION SERVICES LLC:

Daniel Ukropina ("Plaintiff"), by and through counsel, for causes of action against Defendants JPMORGAN CHASE BANK AND EQUIFAX INFORMATION SERVICES LLC, and allege the following on information and belief:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA").

2. The Plaintiff is a consumer and a victim of inaccurate reporting by Defendants.

3. Plaintiff received 1099-C's discharging the debts owed for the accounts.

4. Plaintiff obtained their consumer credit reports, discovered that the accounts associated with the 1099-C's were being reported incorrectly, and filed disputes through the consumer reporting agencies.

5. Defendants willfully failed to correct the errors contained within the consumer credit reports and willfully failed to conduct a re-investigation upon receipt of the written disputes.

6. Defendants failed to maintain reasonable procedures to assure maximum accuracy of the information contained within the consumer credit reports.

## II. PARTIES

7. Plaintiff is a resident of Carlsbad, California.

8. Defendant, JPMorgan Chase Bank ("Chase") has designated the following address for service: C T CORPORATION SYSTEM, 818 W 7TH ST STE 930, LOS ANGELES, CALIFORNIA, 90017.

9. Defendant, Equifax Information Services LLC, ("Equifax"), a credit reporting agency, is licensed to do business in California as a foreign corporation and has designated the following registered statutory agent: THE PRENTICE-HALL CORPORATION SYSTEM, INC. 2710 GATEWAY OAK DRIVE, SUITE 150N, SACRAMENTO, CA 95833.

## III. JURISDICTION AND VENUE

10. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p of the FCRA and CA Civ § 1785.33 of the CCRAA.

11. Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

12. Venue is proper as the injury occurred in Los Angeles County, California and Defendants do business in California.

## IV. FACTUAL ALLEGATIONS

13. On June 30, 2014, Chase issued a 1099-C, cancellation of debt, for Plaintiff's Chase account ending in 3887-7707 ("Account").

14. The Form 1099-C canceled the principal balance owed, excluding interest and fees.

15. The Identifiable Event Code on each 1099-C is marked "G".

16. Code "G" on a 1099-C represents that the creditor has made a decision to discontinue collection of the debt and cancel the debt.

17. Defendant submitted a tax Form 1099-C to the Internal Revenue Service ("IRS") for the cancellation of the debt amount owed to Defendant.

18. As a result, Plaintiff was obligated to pay taxes on the cancelled debt.

19. Defendant Chase still reported a balance on Account, inclusive of interest and fees, on Plaintiff's consumer credit reports.

20. On January 14, 2017, Plaintiff sent a written dispute, with supportive documentation to Equifax, a consumer reporting agency as defined in 15 U.S.C. §1681a, regarding the accuracy of the derogatory information reported on his Equifax credit report.

21. Upon information and belief, Equifax forwarded Plaintiff's written dispute to Defendant Chase.

22. Upon information and belief, Chase received notification of Plaintiff's written dispute from Equifax.

23. On January 31, 2017, Equifax responded to Plaintiff's written dispute letter on the Account ("Dispute Response").

24. The Dispute Response stated that Chase "verified to OUR company that the balance is being reported correctly. Additional information has been provided from the original source regarding this item"

25. The Dispute Response did not remove the erroneous balance information that was identified in Plaintiff's written dispute letter on the Account.

26. Defendant Chase willfully failed to correct the inaccurate reporting of the Account to the consumer reporting agencies, namely Equifax, to the detriment of the consumer Plaintiff by continuing to report an erroneous balance due.

27. Defendant Chase willfully failed to review all relevant information provided by Plaintiff and Equifax that was contained in Plaintiff's written dispute on the Account.

28. Defendant Chase is willfully reporting derogatory and inaccurate information about Plaintiff to consumer reporting agencies, namely Equifax

29. Defendant Equifax failed to conduct a reasonable reinvestigation on the Account to the detriment of the consumer Plaintiff.

///

///

18. As a result, Plaintiff was obligated to pay taxes on the cancelled debt.

19. Defendant Chase still reported a balance on Account, inclusive of interest and fees, on Plaintiff's consumer credit reports.

20. On January 14, 2017, Plaintiff sent a written dispute, with supportive documentation to Equifax, a consumer reporting agency as defined in 15 U.S.C. §1681a, regarding the accuracy of the derogatory information reported on his Equifax credit report.

21. Upon information and belief, Equifax forwarded Plaintiff's written dispute to Defendant Chase.

22. Upon information and belief, Chase received notification of Plaintiff's written dispute from Equifax.

23. On January 31, 2017, Equifax responded to Plaintiff's written dispute letter on the Account ("Dispute Response").

24. The Dispute Response stated that Chase "verified to OUR company that the balance is being reported correctly. Additional information has been provided from the original source regarding this item"

25. The Dispute Response did not remove the erroneous balance information that was identified in Plaintiff's written dispute letter on the Account.

26. Defendant Chase willfully failed to correct the inaccurate reporting of the Account to the consumer reporting agencies, namely Equifax, to the detriment of the consumer Plaintiff by continuing to report an erroneous balance due.

27. Defendant Chase willfully failed to review all relevant information provided by Plaintiff and Equifax that was contained in Plaintiff's written dispute on the Account.

28. Defendant Chase is willfully reporting derogatory and inaccurate information about Plaintiff to consumer reporting agencies, namely Equifax

29. Defendant Equifax failed to conduct a reasonable reinvestigation on the Account to the detriment of the consumer Plaintiff.

///

///

## V. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

30. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

31. Defendant Equifax is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f).

32. Plaintiff sent a written dispute to Defendant Equifax concerning the accuracy of the information contained within his consumer credit report regarding the derogatory and erroneous balance information being reported on the Account.

33. Defendants responded to Plaintiff's written dispute for the Account and failed to correct or remove the erroneous balance information that was identified in Plaintiff's dispute letter for the Account.

34. Defendant Chase willfully failed to conduct a proper investigation and correct the inaccurate reporting of the Account to the consumer reporting agencies in violation of 15 U.S.C. § 1681S-2(b) and to the detriment of the consumer Plaintiff.

35. Defendant Chase is willfully reporting derogatory and inaccurate information about Plaintiff to one or more consumer credit reporting agency, as defined by 15 U.S.C. § 1681a, by continuing to report a balance on the Account.

36. Defendant Equifax willfully failed to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i(a)(1)(A) to the detriment of the consumer Plaintiff.

37. Defendant Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum accuracy of the information it reported to one or more third parties pertaining to the Account, in violation of 15 U.S.C. § 1681e.

38. The foregoing acts and omissions of Defendants Chase and Equifax constitute unacceptable violations of the FCRA.

## VI. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE CALIFORNIA
## CONSUMER CREDIT REPORTING AGENCIES ACT
## CA Civ. § 1785.1 et seq.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant Equifax is a credit reporting agency, as defined by CA Civ § 1785.3(d).

41. In accordance with CA Civ § 1785.16(a), Plaintiff sent a written dispute directly to Defendant Equifax regarding the Account and the accuracy of the erroneous balance information contained on his consumer credit report, as defined by CA Civ § 1785.3(c).

42. Defendants responded to Plaintiff's written dispute for the Account and failed to correct or remove the erroneous balance information that was identified in Plaintiff's dispute letter for the Account.

43. That, Defendant Chase is willfully reporting derogatory and inaccurate information about Plaintiff to one or more consumer credit reporting agency, as defined by CA Civ. § 1785.3(d), by continuing to report a balance on the Account, in violation of CA Civ. § 1785.25(f).

44. Defendant Equifax is willfully reporting derogatory and inaccurate information about Plaintiff to third-parties.

45. Defendant Equifax failed to conduct a reasonable investigation to correct the inaccurate and misleading reporting of the disputed Account in violation of CA Civ. § 1785.16, and to the detriment of the consumer Plaintiff.

46. Defendant Equifax willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's credit reports in violation of CA Civ. § 1785.14.

47. The foregoing acts and omissions of Defendants Chase and Equifax constitute unacceptable violations of the CCRAA.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act, and seeks her statutory remedies, as defined by 15 U.S.C. § 1681n and CA Civ. § 1785.31, and demands the following:

///

///

///

## AS TO COUNT I:

1. Actual damages to be shown at trial, or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);
2. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;
3. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and
4. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## AS TO COUNT II:

1. Actual damages, pursuant to CA Civ § 1785.31(a)(1) and CA Civ § 1785.31(a)(2), including court costs, loss of wages, attorney's fees, and pain and suffering;
2. Punitive damages, pursuant to CA Civ § 1785.31(a)(2)(B) and CA Civ § 1785.31(a)(2)(C), of not less than $100 and not more than $5,000 for each violation as the court deems proper, and any other relief that the court deems proper for Defendant's willful violation;

Respectfully submitted this 20th day of July, 2017.

MCCARTHY LAW, PLC

By: /s/ Ashley Tuchman
Ashley Tuchman, Esq.
Garrett Charity, Esq.
Attorneys for Plaintiff